UNITED STATES, Appellant

v.

Charles E. SINGLETON, Sergeant
U.S. Army, Appellee

No. 04-5004

Crim. App. No. 20010376

United States Court of Appeals for the Armed Forces

Argued October 12, 2004

Decided January 7, 2005

CRAWFORD, J., delivered the opinion of the Court, in which GIERKE, C.J. and EFFRON, J., joined. BAKER and ERDMANN, JJ., filed separate opinions concurring in the result.

Counsel

For Appellant: Captain Michael C. Friess (argued); Colonel Lauren B. Leeker, Lieutenant Colonel Margaret B. Baines, Major Natalie A. Kolb, and Captain Mark J. Hamel (on brief); Colonel Steven T. Salata.

For Appellee: Captain Charles Pritchard (argued); Lieutenant Colonel Mark Tellitocci, Major Allyson G. Lambert, and Captain Rob W. MacDonald (on brief); Colonel Mark Cremin.

Military Judge: Patrick J. Parrish

**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**.

JUDGE CRAWFORD delivered the opinion of the Court.

Sitting as a general court-martial, a military judge convicted Appellee, pursuant to his pleas, of willful disobedience of a superior commissioned officer, sodomy upon a child under 12 years of age, and aggravated assault in violation of Articles 90, 125, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 925, and 928 (2000). Appellee was sentenced to a dishonorable discharge, confinement for 18 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 14 years, but approved the remainder of the sentence.

At trial, the parties agreed that Appellee had been confined at the Camp Lejeune Brig for 143 days prior to trial, but they did not discuss unlawful pretrial punishment. Appellee's submission to the Army Court of Criminal Appeals pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), sought four-for-one credit for each of these days, alleging he had been confined in unnecessarily restrictive quarters; mingled with post-trial prisoners; exposed to dust, fumes, cold temperatures, and vermin; denied access to a law library; and verbally demeaned by the guards. Appellee also alleged that he had been instructed by his defense counsel not

2

to raise these issues at trial.  In a pro forma response, the Government contended that the Grostefon issues lacked merit.

On February 6, 2003, the Army Court of Criminal Appeals ordered both parties to file briefs arguing whether Appellee was entitled to the requested credit, based on the uncontroverted facts Appellee had alleged, citing United States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997).  In Ginn, we announced the following six principles to be applied by courts of criminal appeals in disposing of post-trial, collateral, affidavit-based claims, such as ineffective assistance of counsel:

> In most instances in which an appellant files an affidavit in the Court of Criminal Appeals making a claim such as ineffective assistance of counsel at trial, the authority of the Court to decide that legal issue without further proceedings should be clear. The following principles apply:
>
> First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.
>
> Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.
>
> Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.
>
> Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of

3

those facts, the Court may discount those factual assertions and decide the legal issue.

Fifth, when an appellate claim of ineffective representation contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record (including the admissions made in the plea inquiry at trial and appellant's expression of satisfaction with counsel at trial) unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal.

Sixth, the Court of Criminal Appeals is required to order a factfinding hearing only when the above-stated circumstances are not met. In such circumstances the court must remand the case to the trial level for a DuBay proceeding. During appellate review of the DuBay proceeding, the court may exercise its Article 66 factfinding power and decide the legal issue.

Id. at 248.

The Government's brief included an affidavit from Chief Warrant Officer Two (CWO2) Laird, the executive officer of the Camp Lejeune Brig, as rebuttal to Appellee's claims, and the defense response brief included an affidavit from Appellee reasserting and modifying his prior claims. The Government then submitted a second affidavit from CWO2 Laird. Both of CWO2 Laird's affidavits focused largely on regulations, policies, and procedures generally applicable to brig operations, but neither affidavit directly refuted Appellee's factual claims.

On June 17, 2003, the Army Court issued another order, which quoted an e-mail between a commissioner for that court and the Chief of the Army's Government Appellate Division (GAD),

4

asking whether the government preferred that the court below grant sentence relief or order a hearing pursuant to United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967).  The Chief of GAD responded, first preferring waiver, next preferring rejection of Appellee's claims using the fourth Ginn principle, and finally preferring a DuBay hearing to any relief under the lower court's decision in United States v. Fagan, 58 M.J. 534 (A. Ct. Crim. App. 2003)(providing relief under United States v. Wheelus, 49 M.J. 283 (C.A.A.F. 1998), to moot a non-meritorious issue), rev'd, 59 M.J. 238 (C.A.A.F. 2004), which decision the Chief of GAD pointedly reminded the Army Court was on appeal to this Court.

Remanding the case for a DuBay hearing on the issue of ineffective assistance of counsel with respect to violations of Article 13, UCMJ, 10 U.S.C. § 813 (2000), as well as the factual basis of four of the violations themselves, the Army Court directed Appellee's trial defense counsel to "provide information, by affidavit or through DuBay testimony . . . ." The Army Court concluded by noting that if the convening authority determined a DuBay hearing was impracticable, the Court would grant Appellee sentence relief under its decision in Fagan and this Court's holding in United States v. Tardif, 57 M.J. 219, 223 (C.A.A.F. 2002), holding that Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000), authorizes courts of criminal appeals

to grant sentence relief for unexplained and unreasonable post-trial delay without a demonstration of prejudice under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).

The Government sought reconsideration on July 17, 2003, and, on November 13, 2003, the Army Court issued an opinion on reconsideration with a detailed discussion of the first and fourth Ginn principles to the seven categories of Appellee's claims. United States v. Singleton, 59 M.J. 618 (A. Ct. Crim. App. 2003). That opinion disposed of three of Appellee's claims under Ginn (general conditions of confinement in "special quarters," lack of a law library, and contact with sentenced prisoners), ordered both of Appellee's trial defense counsel to submit affidavits on the issue of ineffective assistance of counsel, and directed a DuBay hearing to resolve allegations that guards had referred to Appellee as "Private" and exposed him to cold, fumes and dust, and rats and mice.[1]

The lower court's opinion upon reconsideration in the present case provided that if the convening authority determined

---

[1] As to "rats and mice," the lower court disposed of this issue under Ginn's first principle, but ordered that Appellee be permitted to present evidence thereon at the DuBay hearing. After noting that Appellee's claim of disparaging language was not specifically rebutted and citing Appellee's lack of specificity as to date, frequency, or identity of the offending guards, the Army Court concluded that only five days' credit would be granted for this presumptive violation. 59 M.J. at 625. Nonetheless, the Army Court ordered the DuBay hearing to inquire into this area. Id. at 628.

a DuBay hearing to be impracticable, the record would be returned to the Army Court, which would grant 33 days' sentence relief under Tardif and the Army Court's decision in Fagan.[2] The Government sought reconsideration, oral argument, and suggested en banc consideration, supported by the affidavit of Captain (CPT) Oren H. McKnelly, Appellee's lead defense counsel, denying Appellee's allegations concerning CPT McKnelly's representation and advice and avowing ignorance of Appellee's claims until about two years after trial.

On December 3, 2003, the Army Court denied reconsideration, oral argument, and en banc consideration. A few days later, the affidavit of CPT Sweeney, Appellee's assistant defense counsel, which was materially consistent with that of CPT McKnelly, was attached to the record by motion.

On January 8, 2004, after being advised by his staff judge advocate of the Army Court's November 13 opinion – including that court's proposed alternative remedy – the convening authority determined that a DuBay hearing was impracticable and returned the case to the Army Court "for action by the Court as detailed in its 13 Nov 03 opinion." On March 3, 2004, the Court of Criminal Appeals, citing this Court's decision in United

---

[2] The court concluded that 5 days should be awarded for the guards' referring to Appellee as "Private," and 28 days for Appellee's unwarranted exposure to cold temperatures in his cell.

7

States v. Fagan, 59 M.J. 238 (C.A.A.F. 2004), and no longer relying on any "broad power to moot claims of prejudice," noted that the Government did not submit additional pleadings when the convening authority returned the case to the court, and "[b]ased on the convening authority's concession," ordered sentence relief of 33 days, but otherwise affirmed the findings and sentence. Unlike its previous opinions and orders, that order did not expressly rely on Tardif or Wheelus, but neither did it expressly rely on Ginn. On March 26, 2004, the Judge Advocate General of the Army certified the following issues to this Court under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000):

I. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN GRANTING THIRTY-THREE DAYS OF CONFINEMENT CREDIT AS RELIEF UNDER THIS COURT'S DECISION IN UNITED STATES v. WHEELUS, 49 M.J. 283 (C.A.A.F. 1998), ABSENT A CONCESSION OR FINDING OF LEGAL ERROR, WHERE THE FACTS IN THE RECORD (TRIAL AND POST-TRIAL FILINGS) CLEARLY EVIDENCE APPELLANT'S MENDACITY, AND IN LIGHT OF THIS COURT'S DECISION IN UNITED STATES v. FAGAN, 59 M.J. 238 (C.A.A.F. 2004).

II. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN FAILING TO RESOLVE ALL OF APPELLANT'S CLAIMS OF UNLAWFUL PRETRIAL PUNISHMENT UNDER THE FIRST AND FOURTH GINN FACTORS.

III. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN FAILING TO RECONSIDER THEIR NOVEMBER 13, 2003 OPINION IN LIGHT OF AFFIDAVITS SUBMITTED BY APPELLANT'S TRIAL DEFENSE TEAM, CAPTAIN OREN MCKNELLY AND CAPTAIN COLLEEN SWEENEY.

DISCUSSION

We hold that the Court of Criminal Appeals, presented with a factual dispute as to some of Appellee's allegations, did not err in ordering a DuBay hearing rather than resolving the dispute on basis of competing affidavits. Nor did the Court of Criminal Appeals err in giving the convening authority the option of ordering a DuBay hearing or, if that was impracticable, granting the relief specified by that Court's contingent evaluation of Appellee's affidavits.

The Government argues that the court below was required to reject his claims under the first and fourth Ginn factors, supported by the affidavits of Appellee's trial defense team, CPTs McKnelly and Sweeney. Ginn gives the Court of Criminal Appeals authority not to order a DuBay hearing "if the affidavit is factually adequate on its face but the appellate filings in the record as a whole 'compellingly demonstrate' the improbability of those facts . . . ." Ginn requires a DuBay hearing when a court of criminal appeals determines that a dispute cannot be resolved entirely by applying the Ginn framework to post-trial affidavits.

There being a factual dispute in this case that the Court of Criminal Appeals could not resolve under either the first or fourth Ginn principles, the court below properly ordered a DuBay hearing. Because the convening authority is in the best

9

position to determine whether it is practicable to hold a DuBay hearing based on time, personnel, expenditures, and potential relief, the court below also properly offered the convening authority the option of either ordering a DuBay hearing, or if that was impracticable, returning the case to the Court of Criminal Appeals to grant the relief it determined appropriate, based on its contingent evaluation of Appellee's affidavits. That option has been employed by our Court in numerous opinions. See United States v. Negron, 60 M.J. 136 (C.A.A.F. 2004); United States v. Simmons, 59 M.J. 485 (C.A.A.F. 2004). The convening authority may have intended to concede that, given the alternative of a grant of 33 days' credit by the Court of Criminal Appeals, a DuBay hearing was impracticable. Although the convening authority could have clearly conceded factual and legal error sufficient to permit the court below to grant relief under Wheelus, we need not decide this much closer question because we are convinced that the Government's subsequent actions constituted a failure to "contest the relevant facts" under Ginn. 47 M.J. at 248.

Although the Army Court initially relied on Fagan, that court properly applied the Ginn principles and ordered relief only after receiving the convening authority's knowing and informed DuBay declination, unaccompanied by additional Government pleadings. In this procedural posture, it would not

have been unreasonable for the Army Court to have construed the Government's position as no longer contesting the relevant facts under Ginn's third principle. While the Army Court did not cite Ginn in support of its March 3, 2004 order, that precedent was consistently discussed and applied throughout the appellate process. In any event, this Court is free to determine when the Ginn framework should be applied, as well as whether the lower court properly applied that framework. 59 M.J. at 241.

The clear purpose of Ginn was to stop the service courts from resolving disputed factual issues on the basis of extra-record affidavits, without a trial-level hearing, except in certain, specified instances. The action by the Court of Criminal Appeals properly applied our opinion in Ginn and was consistent with our decision in Fagan.

For the reasons set forth above, we affirm the decision of the Army Court of Criminal Appeals.

11

United States v. Singleton, No. 04-5004/AR

BAKER, Judge (concurring in the result):

I concur in the result reached by the majority. This case is properly addressed through application of the third Ginn factor:

> Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.

United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F. 1997).

The Army Court of Criminal Appeals was presented with an affidavit from Appellee alleging specific instances of pre-trial punishment in violation of Article 13. Appellee's affidavit was "opposed by post-trial assertions of a prison administrator as to general prison practices." United States v. Singleton, 59 M.J. 618, 625 (A. Ct. Crim. App. 2003)(citing United States v. Fricke, 53 M.J. 149, 155 (C.A.A.F. 2000). Thus, the Government contested Appellee's assertion, but did not rebut his specific factual allegations.

On this record, the Army Court of Criminal Appeals concluded "that if [appellee] accurately claimed that he was subjected to disparaging language by guards and was unnecessarily exposed to cold temperatures, he would have been subjected to unlawful pretrial punishment." 59 M.J. at 622. However, this was a contingent legal conclusion. The Army Court also noted that "[Appellee's] failure to raise the issue of

1

unlawful pretrial punishment to Brig officials, the military magistrate, his chain of command, or the convening authority is strong evidence that the conditions of which he now complains were not so abusive as to merit significant confinement credit."  59 M.J. at 627.  As a result, the Army Court gave the Government the option of holding a DuBay hearing to further develop the facts, or "returning this case to us without holding a DuBay hearing" in which event the Army Court would award thirty-three days of confinement credit.  The Government chose the latter course.  Subsequently, the Army Court granted relief, noting "[A]ppellate counsel did not submit additional pleadings after appellant's case was returned to the court.  Based on the convening authority's concession, we direct that [appellee] receive thirty-three days of confinement credit."  United States v. Singleton, ARMY 20010376 (A. Ct. Crim. App., Mar. 3, 2004).

Based on this procedural history, I agree with the majority that this case is appropriately addressed through application of the third Ginn factor, the Government having failed to contest the relevant facts.  As a result, the Army Court's original contingent legal conclusion becomes the law of this case:  "If [appellee] accurately claimed that he was subjected to disparaging language by guards and was unnecessarily exposed to cold temperatures, he would have been subjected to unlawful pretrial punishment."  59 M.J. at 622.  Of course, the lower

2

court's additional statement in its November 2003 opinion that it would grant relief "to moot [appellee's] claim" clouds the analysis, as it seems to suggest that the court could grant relief as a matter of judicial economy alone absent a finding of legal error or an exercise of sentence appropriateness.

In applying the third Ginn principle, I do not believe it necessary for us to speculate as to what the lower court may have done. It is clear what they have done – grant thirty-three days credit after giving the Government further opportunity to rebut Appellee's assertions, which assertions the Army Court concluded warranted relief absent rebuttal. Nor is it necessary for us to speculate as to whether and as to what the convening authority may have conceded. The case was remanded for a DuBay hearing. For the reasons stated by Judge Erdmann, an exercise of the convening authority's clemency power in such a context would not have been determinative as to whether there was or was not unlawful punishment in Appellee's case.

In finding contingent legal error in its initial November 2003 opinion, while also inviting further rebuttal, the Army Court of Criminal Appeals offered the Government the opportunity to assess the costs and benefits of a DuBay hearing with full knowledge of the stakes at hand. Such contingent legal review would seem to make sense and warrant commendation in the context

3

of a military justice system with finite resources operating at
a time of world-wide national security imperatives.

ERDMANN, Judge (concurring in the result):

I agree with the majority that the issue presented in this case can be resolved under the principles announced in United States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997). I disagree, however, with a portion of the analysis utilized by the majority in reaching that result. In my view, after the convening authority determined that a DuBay hearing was impracticable and the Government failed to file any further responsive pleadings, the Court of Criminal Appeals could construe the Government's failure to respond as no longer contesting the critical facts and could proceed to resolve the issue under the third Ginn factor. Id., at 248. This approach is consistent with our decision in United States v. Fagan, 59 M.J. 238 (C.A.A.F. 2004), and avoids speculating as to the basis for the convening authority's action. Further, I do not believe that the convening authority had standing to concede legal or factual issues in the context of this appellate remand for a DuBay hearing.

The convening authority determined that a DuBay hearing was impracticable but the record does not specify the basis for that determination. The majority speculates that the convening authority "conceded" that a DuBay hearing was impracticable because of the potential relief

of 33 days' confinement credit.  I decline to speculate as to the convening authority's basis for finding that a DuBay hearing was impracticable, and in any event, do not believe that the convening authority could have made any factual or legal "concessions" that would have been binding on either the Government or the Court of Criminal Appeals.  That is particularly true in this case where the mandate of the Army court gave the convening authority only two options, neither of which involved conceding factual or legal error.

A convening authority is not usually a party to appellate litigation under the Uniform Code of Military Justice and certainly is not a party in this litigation.  I question whether any alleged concession by a convening authority would bind either the parties or the appellate court.  Admittedly, the actions of a convening authority may constrain the options of the parties or appellate court, but until such time as the issue is squarely before us, I believe it is premature to suggest that the convening authority "clearly" has the authority to simply concede factual or legal errors in a manner binding upon appellate authorities.  The convening authority had no fact-finding power and could not concede facts to moot a legal error any more than could the Court of Criminal Appeals in light of our decision in Fagan.

As I agree that the decision of the Army Court of Criminal Appeals should be affirmed, I concur in the result of the majority's decision but would rely on the rationale set forth above.