JUDGE CRAWFORD
delivered the opinion of the Court.
Sitting as a general court-martial, a military judge convicted Appellee, pursuant to his pleas, of willful disobedience of a superior commissioned officer, sodomy upon a child under 12 years of age, and aggravated assault in violation of Articles 90, 125, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 890, 925, and 928 (2000). Appellee was sentenced to a dishonorable discharge, confinement for 18 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 14 years, but approved the remainder of the sentence.
At trial, the parties agreed that Appellee had been confined at the Camp Lejeune Brig for 143 days prior to trial, but they did not discuss unlawful pretrial punishment. Appellee’s submission to the Army Court of Criminal Appeals pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), sought four-for-one credit for each of these days, alleging he had been confined in unnecessarily restrictive quarters; mingled with post-trial prisoners; exposed to dust, fumes, cold temperatures, and vermin; denied access to a law library; and verbally demeaned by the guards. Appellee also alleged that he had been instructed by his defense counsel not to raise these issues at trial. In a pro forma response, the Government contended that the Grostefon issues lacked merit.
On February 6, 2003, the Army Court of Criminal Appeals ordered both parties to file briefs arguing whether Appellee was entitled to the requested credit, based on the uncontroverted facts Appellee had alleged, citing United States v. Ginn, 47 M.J. 236 (C.A.A.F.1997). In Ginn, we announced the following six principles to be applied by courts of criminal appeals in disposing of post-trial, collateral, affidavit-based claims, such as ineffective assistance of counsel:
In most instances in which an appellant files an affidavit in the Court of Criminal Appeals making a claim such as ineffective assistance of counsel at trial, the authority of the Court to decide that legal issue without further proceedings should be clear. The following principles apply:
First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant’s favor, the claim may be rejected on that basis.
Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.
Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts. Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole “compellingly demonstrate” the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.
Fifth, when an appellate claim of ineffective representation contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record (including the admissions made in the plea inquiry at trial and appellant’s expression of satisfaction with counsel at trial) unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal.
Sixth, the Court of Criminal Appeals is required to order a factfinding hearing only when the above-stated circumstances are not met. In such circumstances the court must remand the case to the trial level for a DuBay proceeding. During appellate review of the DuBay proceeding, *411 the court may exercise its Article 66 fact-finding power and decide the legal issue.
Id. at 248.
The Government’s brief included an affidavit from Chief Warrant Officer Two (CW02) Laird, the executive officer of the Camp Lejeune Brig, as rebuttal to Appellee’s claims, and the defense response brief included an affidavit from Appellee reasserting and modifying his prior claims. The Government then submitted a second affidavit from CW02 Laird. Both of CW02 Laird’s affidavits focused largely on regulations, policies, and procedures generally applicable to brig operations, but neither affidavit directly refuted Appellee’s factual claims.
On June 17, 2003, the Army Court issued another order, which quoted an e-mail between a commissioner for that court and the Chief of the Army’s Government Appellate Division (GAD), asking whether the government preferred that the court below grant sentence relief or order a hearing pursuant to United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967). The Chief of GAD responded, first preferring waiver, next preferring rejection of Appellee’s claims using the fourth Ginn principle, and finally preferring a DuBay hearing to any relief under the lower court’s decision in United States v. Fagan, 58 M.J. 534 (A.Ct.Crim.App.2003)(providing relief under United States v. Wheelus, 49 M.J. 283 (C.A.A.F.1998), to moot a non-meritorious issue), rev’d, 59 M.J. 238 (C.A.A.F.2004), which decision the Chief of GAD pointedly reminded the Army Court was on appeal to this Court.
Remanding the case for a DuBay hearing on the issue of ineffective assistance of counsel with respect to violations of Article 13, UCMJ, 10 U.S.C. 813 (2000), as well as the factual basis of four of the violations themselves, the Army Court directed Appellee’s trial defense counsel to “provide information, by affidavit or through DuBay testimony ____” The Army Court concluded by noting that if the convening authority determined a DuBay hearing was impracticable, the Court would grant Appellee sentence relief under its decision in Fagan and this Court’s holding in United States v. Tardif, 57 M.J. 219, 223 (C.A.A.F.2002), holding that Article 66(e), UCMJ, 10 U.S.C. § 866(c) (2000), authorizes courts of criminal appeals to grant sentence relief for unexplained and unreasonable post-trial delay without a demonstration of prejudice under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).
The Government sought reconsideration on July 17, 2003, and, on November 13, 2003, the Army Court issued an opinion on reconsideration with a detailed discussion of the first and fourth Ginn principles to the seven categories of Appellee’s claims. United States v. Singleton, 59 M.J. 618 (A.Ct.Crim.App.2003). That opinion disposed of three of Appellee’s claims under Ginn (general conditions of confinement in “special quarters,” lack of a law library, and contact with sentenced prisoners), ordered both of Appellee’s trial defense counsel to submit affidavits on the issue of ineffective assistance of counsel, and directed a DuBay hearing to resolve allegations that guards had referred to Appellee as “Private” and exposed him to cold, fumes and dust, and rats and mice.[1]
The lower court’s opinion upon reconsideration in the present case provided that if the convening authority determined a DuBay hearing to be impracticable, the record would be returned to the Army Court, which would grant 33 days’ sentence relief under Tardif and the Army Court’s decision in Fagan.[2] The Government sought reconsideration, oral argument, and suggested en banc consider *412 ation, supported by the affidavit of Captain (CPT) Oren H. McKnelly, Appellee’s lead defense counsel, denying Appellee’s allegations concerning CPT McKnelly’s representation and advice and avowing ignorance of Appellee’s claims until about two years after trial.
On December 3, 2003, the Army Court denied reconsideration, oral argument, and en banc consideration. A few days later, the affidavit of CPT Sweeney, Appellee’s assistant defense counsel, which was materially consistent with that of CPT McKnelly, was attached to the record by motion.
On January 8, 2004, after being advised by his staff judge advocate of the Army Court’s November 13 opinion—including that court’s proposed alternative remedy—the convening authority determined that a DuBay hearing was impracticable and returned the case to the Army Court “for action by the Court as detailed in its 13 Nov 03 opinion.” On March 3, 2004, the Court of Criminal Appeals, citing this Court’s decision in United States v. Fagan, 59 M.J. 238 (C.A.A.F.2004), and no longer relying on any “broad power to moot claims of prejudice,” noted that the Government did not submit additional pleadings when the convening authority returned the case to the court, and “[biased on the convening authority’s concession,” ordered sentence relief of 33 days, but otherwise affirmed the findings and sentence. Unlike its previous opinions and orders, that order did not expressly rely on Tardif or Wheelus, but neither did it expressly rely on Ginn. On March 26, 2004, the Judge Advocate General of the Army certified the following issues to this Court under Article 67(a)(2), UCMJ, 10 U.S.C. 867(a)(2)(2000):
I. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN GRANTING THIRTY-THREE DAYS OF CONFINEMENT CREDIT AS RELIEF UNDER THIS COURT’S DECISION IN UNITED STATES v. WHEELUS, 49 M.J. 283 (C.A.A.F.1998), ABSENT A CONCESSION OR FINDING OF LEGAL ERROR, WHERE THE FACTS IN THE RECORD (TRIAL AND POST-TRIAL FILINGS) CLEARLY EVIDENCE APPELLANT’S MENDACITY, AND IN LIGHT OF THIS COURT’S DECISION IN UNITED STATES v. FAGAN, 59 M.J. 238 (C.A.A.F.2004).
II. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN FAILING TO RESOLVE ALL OF APPELLANT’S CLAIMS OF UNLAWFUL PRETRIAL PUNISHMENT UNDER THE FIRST AND FOURTH GINN FACTORS.
III. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN FAILING TO RECONSIDER THEIR NOVEMBER 13, 2003 OPINION IN LIGHT OF AFFIDAVITS SUBMITTED BY APPELLANT’S TRIAL DEFENSE TEAM, CAPTAIN OREN MCKNELLY AND CAPTAIN COLLEEN SWEENEY.
DISCUSSION
We hold that the Court of Criminal Appeals, presented with a factual dispute as to some of Appellee’s allegations, did not err in ordering a DuBay hearing rather than resolving the dispute on basis of competing affidavits. Nor did the Court of Criminal Appeals err in giving the convening authority the option of ordering a DuBay hearing or, if that was impracticable, granting the relief specified by that Court’s contingent evaluation of Appellee’s affidavits.
The Government argues that the court below was required to reject his claims under the first and fourth Ginn factors, supported by the affidavits of Appellee’s trial defense team, CPTs McKnelly and Sweeney. Ginn gives the Court of Criminal Appeals authority not to order a DuBay hearing “if the affidavit is factually adequate on its face but the appellate filings in the record as a whole ‘compellingly demonstrate’ the improbability of those facts____” Ginn requires a *413 DuBay hearing when a court of criminal appeals determines that a dispute cannot be resolved entirely by applying the Ginn framework to post-trial affidavits.
There being a factual dispute in this case that the Court of Criminal Appeals could not resolve under either the first or fourth Ginn principles, the court below properly ordered a DuBay hearing. Because the convening authority is in the best position to determine whether it is practicable to hold a DuBay hearing based on time, personnel, expenditures, and potential relief, the court below also properly offered the convening authority the option of either ordering a Du-Bay hearing, or if that was impracticable, returning the case to the Court of Criminal Appeals to grant the relief it determined appropriate, based on its contingent evaluation of Appellee’s affidavits. That option has been employed by our Court in numerous opinions. See United States v. Negron, 60 M.J. 136 (C.A.A.F.2004); United States v. Simmons, 59 M.J. 485 (C.A.A.F.2004). The convening authority may have intended to concede that, given the alternative of a grant of 33 days’ credit by the Court of Criminal Appeals, a DuBay hearing was impracticable. Although the convening authority could have clearly conceded factual and legal error sufficient to permit the court below to grant relief under Wheelus, we need not decide this much closer question because we are convinced that the Government’s subsequent actions constituted a failure to “contest the relevant facts” under Ginn. 47 M.J. at 248.
Although the Army Court initially relied on Fagan, that court properly applied the Ginn principles and ordered relief only after receiving the convening authority’s knowing and informed DuBay declination, unaccompanied by additional Government pleadings. In this procedural posture, it would not have been unreasonable for the Army Court to have construed the Government’s position as no longer contesting the relevant facts under Ginn’s third principle. While the Army Court did not cite Ginn in support of its March 3, 2004 order, that precedent was consistently discussed and applied throughout the appellate process. In any event, this Court is free to determine when the Ginn framework should be applied, as well as whether the lower court properly applied that framework. 59 M.J. at 241.
The clear purpose of Ginn was to stop the service courts from resolving disputed factual issues on the basis of extra-record affidavits, without a trial-level hearing, except in certain, specified instances. The action by the Court of Criminal Appeals properly applied our opinion in Ginn and was consistent with our decision in Fagan.
For the reasons set forth above, we affirm the decision of the Army Court of Criminal Appeals.

. As to "rats and mice,” the lower court disposed of this issue under Ginn’s first principle, but ordered that Appellee be permitted to present evidence thereon at the DuBay hearing. After noting that Appellee’s claim of disparaging language was not specifically rebutted and citing Appellee’s lack of specificity as to date, frequency, or identity of the offending guards, the Army Court concluded that only five days’ credit would be granted for this presumptive violation. 59 M.J. at 625. Nonetheless, the Army Court ordered the DuBay hearing to inquire into this area. Id. at 628.

. The court concluded that 5 days should be awarded for the guards’ referring to Appellee as "Private,” and 28 days for Appellee’s unwarranted exposure to cold temperatures in his cell.