*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and THORNHILL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Damorea T. SIMMONS**
Private First Class (E-2), U.S. Marine Corps
*Appellant*

**No. 202500108**

_____

Decided: 8 May 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Thomas R. Fricton

Sentence adjudged 29 October 2024 by a general court-martial tried at Marine Corps Base Camp Butler, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: a dishonorable discharge, forfeiture of all pay and allowances, reduction to E-1, and confinement for 26 months.[1]

For Appellant:
*Captain Dillon J. Ambrose, JAGC, USN*
*Captain Colin P. Norton, USMC*

---

[1] Appellant was credited with having served 189 days of confinement.

For Appellee:
*Commander James M. Belforti, JAGC, USN*
*Captain Jacob R. Carmin, USMC*

Judge THORNHILL delivered the opinion of the Court, in which Chief Judge DALY and Senior Judge GROSS joined.

———————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————

THORNHILL, Judge:

Appellant was convicted, consistent with his pleas, of four specifications of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ).[2] In accordance with the terms of a plea agreement,[3] he was sentenced to a dishonorable discharge, 26 months of confinement, forfeiture of all pay and allowances, and a reduction to E-1. The sentence to confinement consisted of 4 concurrent 26-month sentences.[4]

On appeal, Appellant avers that his trial defense counsel was ineffective after conclusion of trial by not communicating with Appellant, which prohibited Appellant from exercising his right to submit matters in clemency to the convening authority. We find no prejudicial error and affirm.

## I. BACKGROUND

In early 2024, law enforcement acted upon cyber tipline information from the National Center for Missing and Exploited Children regarding two separate email accounts that were used to obtain known images of child pornography.[5] Their investigation led to Appellant and resulted in him being charged with five specifications of knowingly possessing child pornography.[6] Appellant negotiated a plea agreement with the Office of Special Trial Counsel (OSTC) in which Appellant agreed to plead guilty to four of the specifications.[7] Both in

———————————

[2] 10 U.S.C. § 934.

[3] App. Ex. II.

[4] R. at 110; Statement of Trial Results.

[5] R. at 99; Pros. Ex. 6

[6] Charge Sheet.

[7] App. Ex. II.

a stipulation of fact, and during the providence inquiry, Appellant admitted that he knowingly and wrongfully possessed child pornography in four distinct locations.[8] Appellant possessed child pornography on an iPhone 15, an iPhone 8 Plus, and two separate Dropbox cloud storage accounts.[9] Among the more than 100 pornographic images and videos of children possessed by Appellant were images that depicted prepubescent female children, some age 5 or younger, engaged in sexually explicit conduct with adult males, including vaginal and oral penile penetration.[10]

In exchange for his agreement to plead guilty, the OSTC agreed to withdraw and dismiss the remaining specification alleging wrongful possession of child pornography and required the military judge to impose a specific sentence with no discretionary range.[11] Included in this prescribed sentence was a term of confinement of 26 months.[12] After properly accepting Appellant's pleas and conducting a thorough presentencing hearing pursuant to Rule for Courts-Martial (R.C.M.) 1001, the military judge sentenced Appellant pursuant to R.C.M. 1002 and 1003, and consistent with the plea agreement.[13] The military judge did not recommend the convening authority grant Appellant clemency.[14]

Prior to retiring to deliberate on a sentence, the military judge ensured trial defense counsel reviewed Appellant's post-trial and appellate rights with Appellant, including his right to submit matters to the convening authority pursuant to R.C.M. 1106.[15] This included a colloquy with Appellant regarding his written acknowledgement of his appellate and post-trial rights contained in Appellate Exhibit V.[16] The Appellate and Post-Trial Rights form expressly advised Appellant that he had 10 calendar days after the announcement of the

---

[8] R. at 20-56; Pros. Ex. 1.

[9] Pros. Ex. 1.

[10] R. at 36; Pros. Ex. 1.

[11] App. Ex. II.

[12] App. Ex. II.

[13] Statement of Trial Results.

[14] Statement of Trial Results at 1.

[15] R. at 108–09.

[16] R. at 108–09.

sentence to submit written matters to the convening authority in seeking clemency.[17] Appellant signed this form to acknowledge that he knew and understood this right[18] and did not have any questions when the military judge asked him about it.[19]

Appellant did not submit a request for clemency. The convening authority's action states that trial defense counsel indicated that Appellant did not desire to submit any matter for the convening authority's consideration prior to taking action.[20] On this appeal, Appellant claims that he would have submitted matters and requested clemency had it not been for his counsel's "total abandonment."[21] Appellant alleges that his trial defense counsel's post-trial conduct rises to the level of ineffective assistance of counsel.[22]

## II. DISCUSSION

### A. Law

The Sixth Amendment to the United States Constitution guarantees all criminal defendants facing prosecution the right to effective legal counsel. The framework for a successful claim that this right has been violated has been black letter law since the landmark decision of the Supreme Court in *Strickland v. Washington.*[23] For an appellant to establish that his trial defense counsel was ineffective, the appellant must show "(1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice."[24] A claim of ineffective assistance of counsel is a legal issue, which we review de novo.[25]

When analyzing the first prong of the *Strickland* test, courts strongly presume that counsel's challenged conduct falls within a wide range of reasonable

---

[17] App. Ex. V at 1.

[18] App. Ex. V at 6; R. at 108.

[19] R. at 108.

[20] Convening Authority's Action at ¶23.

[21] Appellant's Brief at 10.

[22] Appellant's Brief at 7–10

[23] 466 U.S. 668 (1984).

[24] *United States v. Green*, 68 MJ 360, 361–62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687)).

[25] *United States v. Scott*, 81 M.J. 79, 84 (C.A.A.F. 2021).

professional assistance.[26] Our look back on actions taken (or not taken) by trial defense counsel must be highly deferential.[27] We do this in an attempt to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[28]

The duties of defense counsel do not end at the conclusion of trial, rather they extend to post-trial proceedings.[29] On the question of prejudice, when the claimed ineffective assistance is alleged to have occurred in a post-trial context, an appellant need only make a "colorable showing of possible prejudice."[30] To make a colorable showing of possible prejudice, in the context of clemency, an appellant must provide "an adequate description of what a properly advised convening authority might have done [in granting] clemency."[31]

In reviewing a claim of ineffective assistance of counsel, a lineal application of the *Strickland* test is not required. To the contrary, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."[32]

---

[26] *United States v. Datavs,* 71 M.J. 420, 424 (C.A.A.F. 2012) (citing *Strickland,* 466 at 689).

[27] *Strickland,* 466 U.S. at 689.

[28] *Id.*

[29] *United States v. Cornett,* 47 M.J. 128, 133 (C.A.A.F. 1997) (citing *United States v. Robertson,* 39 M.J. 211, 218 (CMA 1994)).

[30] *United States v. Wheelus,* 49 M.J. 283, 289 (C.A.A.F 1998) (quoting *United States v. Chatman,* 46 M.J. 321, 324 (C.A.A.F. 1997)).

[31] *United States v. Capers,* 62 M.J. 268, 270 (C.A.A.F. 2005); *see also United States v. Lowe,* 58 M.J. 261, 263–264 (C.A.A.F. 2003) (recognizing that because clemency is a discretionary act by a convening authority, once an appellant makes a colorable showing that he was denied the opportunity to seek clemency "that could have altered the outcome," a reviewing court shall not speculate on what the convening authority would have done.).

[32] *Strickland,* 466 U.S. at 697; s*ee also United States v. Bradley,* 71 M.J. 13, 16 (C.A.A.F. 2012) ("It is not necessary to decide the issue of deficient performance when it is apparent that the alleged deficiency has not caused prejudice.").

**B. Analysis**

*1. Prejudice*

We are tempted to follow the advice of the Court of Appeal for the Armed Forces in *Bradley* and resolve this appeal on the question of prejudice alone. Neither in his Declaration accompanying this appeal[33] nor in his Brief and Assignment of Error (AOE) has Appellant made a colorable showing of possible prejudice.[34] In the Declaration, Appellant summarizes what he would have included in a clemency request in tandem with all the matters previously submitted at trial. This additional information includes a description of alleged substandard conditions at the brig and an attempt to decrease his culpability in comparison to other "actors on the spectrum of possession."[35] What Appellant does not include in the Declaration is a statement as to the relief he would have sought, nor has he provided an "adequate description" of what the convening authority might have granted by way of clemency after receiving this information.[36]

The same is true of Appellant's AOE. First, Appellant argues that the alleged deficiencies in trial defense counsel's performance deprived him of his only chance for relief following trial and that this lost opportunity, without more, constitutes prejudice.[37] This generic assertion does not meet the threshold colorable showing of possible prejudice required by *Wheelus* and *Capers*. Appellant also fails to make a colorable showing of possible prejudice in his alternative argument, in which he claims the convening authority, with a request for clemency in hand, could have granted some minimal form of clemency.[38] Such a cursory assertion cannot be considered an adequate description of what form clemency might have been granted without rendering that prong of the *Strickland* test meaningless. Additionally, we cannot speculate on a convening authority's probable actions to determine if a colorable showing of possible prejudice has been made.[39]

---

[33] On 24 September 2025, this Court granted Appellant's Motion to Attach his Declaration, his Appellate Defense Counsel's Declaration, and a policy memo from the Chief Defense Counsel of the Marine Corps.

[34] *See Wheelus*, 49 M.J. at 289.

[35] Decl. of Appellant.

[36] *See Capers*, 62 M.J. at 270.

[37] Appellant's Brief at 7.

[38] Appellant's Brief at 10.

[39] *See Lowe*, 58 M.J. at 263–264.

The framing and context of Appellant's Declaration, his AOE, and his requested relief all support a conclusion Appellant is suggesting: that submission of matters in clemency could have resulted in a reduction in his term of confinement. However, such a result was not possible as a matter of law. Appellant was sentenced to 26 months confinement. Trial counsel made no recommendation to reduce, commute, or suspend Appellant's sentence for providing substantial assistance in any other investigation or prosecution, nor did the military judge make any clemency recommendation. Therefore, the convening authority was not authorized to grant any reduction in the sentence of confinement.[40]

For these reasons, Appellant's claim that his trial defense counsel was ineffective fails. Nevertheless, the Court finds it useful to next examine trial defense counsel's performance under the first prong of *Strickland.*

### 2. *Deficient Performance.*

Appellant asserts that his trial defense counsel's post-trial actions constitute a wholesale abandonment of counsel's duties to Appellant. In response and pursuant to an Order of this Court of 3 October 2025, trial defense counsel executed and submitted a sworn affidavit outlining the steps he took during and post-trial with respect to the AOE. Trial defense counsel's affidavit, as corroborated by the remaining appellate record, confirms for us that counsel's conduct was professional, reasonable, and well within the range of competent and effective legal representation.[41]

The findings and sentence were handed down in this case on 29 October 2024. Prior to closing the court-martial for deliberations on sentencing, the military judge confirmed with Appellant that trial defense counsel had advised Appellant of his post-trial rights, which included his right to submit matters in clemency.[42] Included in the written advisement was the 10-calendar-day deadline for submitting post-trial matters to the convening authority.[43] Based

---

[40] *See* R.C.M. 1109 (limiting a convening authority's ability to reduce a sentence of confinement greater than six months in length where the military judge has not recommended clemency).

[41] We can make these legal determinations without further factfinding at a *Dubay* hearing because trial defense counsel's affidavit combined with the record as a whole "compellingly demonstrate" the improbability of Appellant's factual allegations. *United States v. Singleton*, 60 M.J. 409, 410 (C.A.A.F. 2005) (citing *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997)).

[42] R. at 108.

[43] App. Ex. V at 1.

upon their interaction in reviewing the written Appellate and Post-Trial Rights advisement, trial defense counsel understood that Appellant did not wish to submit clemency matters.[44]

On 21 November 2024, trial defense counsel received an email from brig personnel that Appellant requested to speak with him.[45] Counsel unsuccessfully attempted to contact Appellant via telephone.[46] This was already 13 days after the 10-day deadline for submitting post-trial matters had expired. From the time of this initial attempted contact and over the six months that followed, trial defense counsel either affirmatively reached out to Appellant or responded to brig personnel with counsel's availability six times.[47] Each time Appellant failed to return counsel's call.[48] Over this same period of time, counsel continued to manage his responsibilities to other clients, including in trial.[49]

Trial defense counsel's post-trial actions were not deficient. Appellant's claim of ineffective assistance of counsel fails this prong of the *Strickland* test as well.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[50]

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[44] Affidavit of Trial Defense Counsel at 2.

[45] Affidavit of Trial Defense Counsel at 2, Enclosure B.

[46] Affidavit of Trial Defense Counsel at 2.

[47] Affidavit of Trial Defense Counsel at 4–5.

[48] Affidavit of Trial Defense Counsel at 4–5.

[49] Affidavit of Trial Defense Counsel at 2–5.

[50] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.