UNITED STATES of America

v.

Marco A. BUSH, Private First Class (E–2), U.S. Marine Corps.

NMCCA 200700137.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 5 Jan. 2000.

11 March 2008.

For Appellant: LCDR Thomas Belsky, JAGC, USN.

For Appellee: CDR Paul C. LeBlanc, JAGC, USN.

Before GEISER, Senior Judge, KELLY and COUCH, Appellate Military Judges.

## PUBLISHED OPINION OF THE COURT

GEISER, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of attempting to escape from custody, failure to obey a lawful order, fleeing apprehension, resisting apprehension, two specifications of reckless driving, two specifications of assault with a dangerous weapon, and striking a superior noncommissioned officer, in violation of Articles 80, 92, 95, 111, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, 895, 911, and 928. The appellant was sentenced to a dishonorable discharge, confinement for six years, total forfeiture of pay and allowances, and reduction to pay grade E–1. Pursuant to a pretrial agreement, the convening authority (CA), *inter alia*, suspended all confinement in excess of 24 months for a period of six months from the date of his action.

This case is before us a second time following our 25 July 2007 order returning the record to the Judge Advocate General of the Navy for submission to an appropriate CA for proper post-trial processing in compliance with RULES FOR COURTS-MARTIAL 1105–1107, MANUAL FOR UNITED STATES(2005 ed.). Following our order, proper post-trial processing was accomplished and the CA approved the sentence as adjudged. The appellant declined to provide any additional pleadings for consideration.

The appellant's sole assignment of error asserts unreasonable post-trial processing delay. We have examined the record of trial, the appellant's brief and assignment of error, and the Government's response. We conclude that the appellant was denied his due process right to speedy post-trial processing and that he was prejudiced by the delay. We will take appropriate action in our decretal paragraph. Following our action, we find the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Post–Trial Delay

■ The appellant's court-martial concluded on 5 January 2000. The CA originally acted on the case on 16 November 2000. The case was not docketed with this court until 13 February 2007. A delay of over seven years to review a 143–page guilty plea record of trial is facially unreasonable. *See United States v. Moreno,* 63 M.J. 129 (C.A.A.F.2006). Such substantial delay triggers a due process review.

■ We consider four factors in determining if post-trial delay violates the appellant's due process rights: (1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of the right to a timely appeal; and (4) prejudice to the appellant. *United States v. Jones,* 61 M.J. 80, 83 (C.A.A.F.2005)(citing *Toohey v. United States,* 60 M.J. 100, 102 (C.A.A.F.2004)). As the length of the delay in this case is "facially unreasonable" we must balance the length of the delay against the other three factors. *Id.*

As noted above, there was a delay of over seven years from the date of trial to the date this case was finally docketed with this court. Regarding the second factor, reasons for the delay, the Government provided the affidavit of Captain D.M. Steinberg, USMC, Review Officer–In–Charge, Legal Service Support Section, 1st Marine Logistics Group, Camp Pendleton, California, who asserts that the original record was mailed to this court on 12 February 2001. There is no evidence in the record to contradict or support the Captain's claim. As noted above, we returned the record for proper post-trial processing on 25 July 2007. It was redocketed with this court on 10 January 2008.

Notwithstanding Captain Steinberg's claim that the record was forwarded to this court, but apparently lost in the mail for over six years, there is no evidence the CA expended any effort in that time to ensure the record was properly received by this court. Rudimentary tracking and receipt confirmation procedures by the mailing command might have shortened the delay considerably.

Mailing delay is " 'the least defensible of all' post-trial delays." *Moreno*, 63 M.J. at 137 (quoting *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A.1990)). We, therefore, find the Government's explanation for the delay to be inadequate. This factor weighs heavily in favor of the appellant.

With respect to the third factor, the appellant submitted an unsworn declaration stating that approximately two years after being released from confinement, he repeatedly contacted both his command and the Navy–Marine Corps Appellate Leave Activity (NAMALA), inquiring about the instant case. The unsworn declaration further states that he did so because he needed his DD Form 214 to maintain his employment.[1] The Government responds with no evidence beyond an assertion that the appellant's claims are "without supporting proof" and are "unverified and speculative".[2]

While the appellant has not submitted additional "supporting proof" beyond his own declaration, we do not find his claim to be entirely "unverified and speculative." "In evaluating whether the appellant has sufficiently met his burden of proof, we will accept the appellant's post-trial affidavit as true." *United States v. Scalarone*, 52 M.J. 539, 544 (N.M.Ct.Crim.App.1999), *aff'd*, 54 M.J. 114 (C.A.A.F.2000). The declaration is factually adequate on its face to state a claim of legal harm, the record does not compellingly demonstrate the improbability of those facts, and the Government does not offer any evidence to the contrary. *See United States v. Ginn*, 47 M.J. 236 (C.A.A.F.1997). The appellant's declaration included specific information that he called particular Government offices regarding the processing of his case. We find that the appellant's declaration offers "adequate detail to give the Government a fair opportunity to rebut" the appellant's contention. *United States v. Gosser*, 64 M.J. 93, 98 (C.A.A.F.2006). In this regard, the

Government, undeniably in the best position to verify or refute the appellant's claim that the calls were made, offers no evidence to the contrary.

Finally, regarding the fourth factor, the appellant's declaration asserts he was denied employment by the Costco store in Huntsville, Alabama, three to four years after his trial, specifically because he lacked his final discharge papers (DD Form 214). In the past, we have found a lack of prejudice when an appellant fails to supply sufficient information to permit the Government to validate or dispute his claimed prejudice. In this instance, the appellant identified a specific store in a specific town during a specific timeframe. He specifically asserts the reason he was denied employment was directly tied to dilatory post-trial processing of his court-martial. Finally, he asserts that, by virtue of his prior employment in the same position with a Costco store in California, he was fully qualified to perform the job. We find this was "adequate detail" to permit the Government to inquire further in order to verify or dispute the appellant's assertions.[3] *Id.* As the Government offers no evidence to refute the appellant's claims, we find that the appellant has sustained his burden by a preponderance of the evidence that he has suffered prejudice due to post-trial delay.

 Considering the entire record and the factors set forth above, we conclude that the delay in this case violated the appellant's due process right to speedy post-trial review. Even assuming, *arguendo*, that the appellant's declaration is insufficient to support a finding of prejudice, we may, even without specific prejudice, find a due process violation if the "delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F.2006). Considering the entire record of trial, we find

---

1. Unsworn Declaration of Marco Bush dated 10 Apr 2007.

2. Answer on Behalf of the Government dated 16 May 2007 at 5.

3. Of course, if the Government made further inquiry and developed information indicating that the appellant's declaration was not sufficiently specific to determine the true facts, it could have submitted a declaration of its own, detailing efforts made to verify or rebut the appellant's factual contentions and in what way his declaration lacked sufficient details for it to be able to do so.

that a delay of over seven years to finally docket this 143–page guilty plea record of trial is egregious and, even in the absence of specific prejudice, constitutes a due process violation. The Government's inadequate explanation for the delay and its failure to seek evidence to verify or refute the appellant's claims weighs heavily in this regard.

Having found constitutional error, we must now determine if the error was harmless beyond a reasonable doubt in order to determine if relief is required. *United States v. Young*, 64 M.J. 404, 409 (C.A.A.F.2007). The Government has the burden to prove that " 'this error was harmless beyond a reasonable doubt.' " *Gosser*, 64 M.J. at 99 (quoting *United States v. Brewer*, 61 M.J. 425, 432 (C.A.A.F.2005)). We apply a *de novo* standard of review.

 Considering the totality of the circumstances, we cannot conclude the error is harmless beyond a reasonable doubt. We find that the appellant suffered employment prejudice and that the integrity and fairness of the military justice system has been brought into question by the excessive and unreasonable post-trial processing delay, by the absence of an adequate explanation for the delay by the Government, and by the Government's failure, notwithstanding its burden to prove the error harmless beyond a reasonable doubt, to undertake any efforts to verify or refute the appellant's assertions concerning his attempted contact with his command and NAMALA or his employment difficulties. We conclude the due process violation requires remedial action.

In fashioning a remedy, we have considered all of the factors in the record before us, including the crimes of which the appellant stands convicted. The appellant ignored orders, drove recklessly at high rates of speed to evade capture, placing military personnel attempting to apprehend him at significant risk of serious injury, attempted to cut and stab a staff noncommissioned officer with a knife, struck out at multiple security personnel with a sledgehammer, and physically struck a staff noncommissioned officer in the face with his fist. After his eventual capture, the appellant continued to resist every step of the way. Record 38–87. Additionally, we note the appellant's military record reflects a prior nonjudicial punishment for disrespect and a second prior nonjudicial punishment for assault. Prosecution Exhibit 2. The appellant richly deserved the approved punishment. We are, however, constrained by the Government's lax post-trial processing, which resulted in prejudice to the appellant's employment opportunities, and a delay so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system.

The findings are affirmed. Only so much of the sentence as provides for a bad-conduct discharge is affirmed. That portion of the sentence extending to a dishonorable discharge, confinement for six years, reduction to pay grade E–1 and forfeiture of all pay and allowances is set aside and disapproved.

Judge KELLY and Judge COUCH concur.

