UNITED STATES, Appellee

v.

Gilbert T. ALLENDE, Mess Management Specialist Second Class
U.S. Navy, Appellant

No. 06-0908

Crim. App. No. 200001872

United States Court of Appeals for the Armed Forces

Argued January 16, 2008

Decided March 12, 2008

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Lieutenant Kathleen L. Kadlec, JAGC, USN
(argued); Lieutenant Richard H. McWilliams, JAGC, USN (on
brief).

For Appellee:  Captain Geoffrey S. Shows, USMC (argued);
Lieutenant Commander Paul D. Bunge, JAGC, USN, Lieutenant
Timothy H. Delgado, JACG, USN, Major Kevin C. Harris, USMC, and
Major Brian K. Keller, USMC (on brief).


Military Judge:  Stephen Jamrozy


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Allende, No. 06-0908/NA

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members, convicted Appellant, contrary to his pleas, of violating a lawful order, larceny (four specifications), and obtaining services by false pretenses, in violation of Articles 92, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 921, 934 (2000). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings. In light of the post-trial delay, the court reduced the sentence as a matter of sentence appropriateness, approving only that portion providing for a bad-conduct discharge, confinement for nine months, and reduction to the lowest enlisted grade. United States v. Allende, No. 200001872, 2006 CCA LEXIS 167, 2006 WL 4572995 (N-M. Ct. Crim. App. July 11, 2006) (unpublished).

On Appellant's petition, we granted review of the following issues:

> I. WHETHER THE LOWER COURT PROPERLY EVALUATED PREJUDICE AFTER IT FOUND THAT THE TRIAL COUNSEL ERRONEOUSLY AUTHENTICATED THE RECORD.
>
> II. WHETHER THE LOWER COURT ERRED IN FINDING NO DUE PROCESS VIOLATION WHERE

2

United States v. Allende, No. 06-0908/NA

> 2,484 DAYS ELAPSED BETWEEN THE
> ADJOURNMENT OF APPELLANT'S TRIAL AND
> COMPLETION OF ARTICLE 66, UCMJ, REVIEW,
> INCLUDING 734 DAYS IN PANEL.

For the reasons set forth below, we affirm.

## I.   AUTHENTICATION OF THE RECORD

### A.   BACKGROUND

The present appeal involves procedures for authentication of the record set forth in the UCMJ and the Manual for Courts-Martial.  Article 54(a) requires each general court-martial to keep a record of the proceedings.  Article 54(a), UCMJ, 10 U.S.C. § 854(a) (2000).  Under the direction of the military judge, the trial counsel makes arrangements for preparation of the record.  Article 38(a), UCMJ, 10 U.S.C. § 838(a) (2000); Rule for Courts-Martial (R.C.M.) 1103(b)(1).  The trial counsel examines the record and makes any necessary corrections.  R.C.M. 1103(i)(1)(A).  During this process, the trial counsel permits the defense counsel to examine the record "[e]xcept when unreasonable delay will result."  R.C.M. 1103(i)(1)(B).

A "complete record of the proceedings," including a verbatim written transcript, must be prepared for each general court-martial in which the sentence includes a punishment of the type at issue in the present appeal.  Article 54(c)(1)(A), UCMJ; R.C.M. 1103(b)(2)(B).  Substantial omissions from the record

create a presumption of prejudice that may be rebutted by the government. United States v. Stouffer, 53 M.J. 26, 27 (C.A.A.F. 2000); Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-81 (2005 ed.).

The military judge authenticates the record of each general court-martial. Article 54(a), UCMJ; R.C.M. 1104(a)(1). Trial counsel may authenticate the record if the military judge cannot do so "by reason of his death, disability, or absence." Article 54(a), UCMJ. In circumstances not pertinent to the present case, there are other options for substitute authentication. Article 54(a), UCMJ; R.C.M. 1104(a)(2)(B). The person who authenticates the record of trial in the absence of the military judge "should attach to the record of trial an explanation for the substitute authentication." R.C.M. 1104(a)(2)(B) Discussion. Any deficiency with respect to explaining the need for substitute authentication is tested for prejudice under a harmless error standard of review. United States v. Ayers, 54 M.J. 85, 92 (C.A.A.F. 2000).

### B. THE RECORD OF TRIAL

#### 1. Appellant's court-martial

During Appellant's trial, the recording equipment malfunctioned at a number of points. The record of trial omitted portions of three sessions under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000). The first concerned the sufficiency of

the evidence on the charge of obtaining services by false pretenses, and the trial schedule; the second involved the question of whether a machete is a dangerous weapon, and the third involved a discussion of instructions on findings. The record also did not contain Appellant's written motion for an expert consultant and the Government's response to Appellant's motion.

Trial counsel certified that she had "made all necessary corrections to this record of trial" and authenticated the record "because of [the] absence of the military judge." Defense counsel received a copy of the record prior to authentication, and did not submit any corrections. Defense counsel did not submit a request for correction, Article 38(c), UCMJ, nor did Appellant present any legal issues concerning the record's accuracy in his clemency petition.

2.   Review by the Court of Criminal Appeals

Appellant raised two assignments of error regarding the record of trial at the Navy-Marine Corps Court of Criminal Appeals: whether the record of trial contained substantial omissions creating a rebuttable presumption of prejudice, and whether trial counsel erroneously authenticated the record of trial without properly explaining the military judge's absence.

a.  Omissions from the record

The Court of Criminal Appeals concluded that, despite the omissions, there was enough information on the record to conclude that three of the four omissions were insubstantial because the record contained sufficient information on each of the matters at issue.  The court found the omitted discussion of the proposed instructions involved a substantial omission, thereby raising the presumption of prejudice.  The court noted that Appellant did not claim that the record omitted any objections to instructions, that the record omitted a request for instructions, or that the military judge erred in the instructions actually given.  The court then reviewed the instructions contained in the record and concluded that there was no instructional error.  Under these circumstances, the court concluded that the presumption of prejudice was rebutted by the record of trial and that the record was substantially verbatim.

b.  Substitute authentication

The Court of Criminal Appeals noted that the only reason set forth in the record for substitute authentication was trial counsel's statement that she had authenticated the record "because of [the] absence of the military judge."  The court concluded that because this statement did not provide sufficient information to determine whether substitute authentication was

appropriate, the authentication was erroneous.  The court further determined that the error was harmless because:  (1) the record was substantially verbatim; (2) Appellant's counsel received an opportunity to comment on any corrections prior to authentication; (3) Appellant did not raise any legal issues concerning the record's accuracy prior to the convening authority's action; and (4) Appellant did not allege on appeal that the record was inaccurate.

## C.  DISCUSSION

In his petition to this Court, Appellant requested review of numerous issues, including the propriety of the lower court's ruling that the record was substantially verbatim and that Appellant was not prejudiced by the erroneous authentication of the record.  We found good cause to grant review only on the issue of authentication, as well as a separate issue involving appellate delay.  United States v. Allende, 65 M.J. 345 (C.A.A.F. 2007).  The subsequent filings of the parties do not require us to revisit our decision to deny review of the question as to whether the record was substantially verbatim; nor do the filings require us to question the decision by the court below that the substitute authentication was in error.  In that posture, the question before us on Issue I is whether the lower court, having decided that the record is substantially verbatim, erred in its analysis of prejudice with respect to the

7

United States v. Allende, No. 06-0908/NA

substitute authentication. The lower court's ruling on prejudice is a question of law that we review de novo. See United States v. Gunkle, 55 M.J. 26, 30 (C.A.A.F. 2001).

The issue in the present case involves authentication by trial counsel, one of the officials designated by Article 54(a), UCMJ, as eligible to authenticate the record in a substitute capacity. The error found by the lower court involved the adequacy of the explanation for use of a substitute authority. We do not have before us a question of authentication by a person outside the ambit of persons authorized to act as substitutes under Article 54(a), UCMJ, and R.C.M. 1104. As such, the burden is on Appellant to demonstrate prejudice. Appellant has not demonstrated that the error regarding the explanation for using a substitute produced an inaccurate record, or otherwise prejudiced his right to submit a brief under Article 38, UCMJ, to obtain post-trial clemency under Article 60, UCMJ, to present an issue to the Court of Criminal Appeals under Article 66, UCMJ, or to raise an issue of law before our Court. In short, he has not demonstrated material prejudice to his substantial rights under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).

United States v. Allende, No. 06-0908/NA

## II.  APPELLATE DELAY

In the second granted issue, Appellant asserts that he was denied his due process right to speedy review and appeal.  See United States v. Moreno, 63 M.J. 129, 135-41 (C.A.A.F. 2006) (applying the factors identified in Barker v. Wingo, 407 U.S. 514 (1972), to assess:  (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice).  The present case involves a seven-year delay between adjournment of Appellant's court-martial and resolution of his Article 66, UCMJ, appellate review.  In light of the lengthy delay, and the focus of the parties on prejudice, we shall assume error and proceed directly to the question of whether any error was harmless beyond a reasonable doubt.  See United States v. Allison, 63 M.J. 365, 370-71 (C.A.A.F. 2006).

Appellant has not suffered ongoing prejudice in the form of oppressive incarceration, undue anxiety, or the impairment of the ability to prevail in a retrial.  Moreover, because we do not find the substantive grounds of Appellant's appeal as to the first granted issue meritorious, Appellant has not suffered detriment to his legal position in the appeal as a result of the delay.  See Moreno, 63 M.J. at 139.

Appellant asserts prejudice on the grounds that his ability to obtain employment has been impaired because he has not been

9

able to show employers a Department of Defense Form 214 (DD-214), the certificate of release from active duty.  The appellate delay has delayed completion of appellate review, thereby precluding issuance of a DD-214.  According to Appellant, a number of potential civilian employers were unwilling to consider him because he could not provide them with a DD-214.

Appellant's affidavit asserts that four employers declined to consider him for employment in the period of August-October 2000, approximately a year after his trial was completed, and that two employers declined to consider him for employment for that reason in 2007.  Appellant has not provided documentation from potential employers regarding their employment practices, nor has he otherwise demonstrated a valid reason for failing to do so.  Compare United States v. Jones, 61 M.J. 80, 84-85 (C.A.A.F. 2005) (relying upon affidavits from a prospective employer to confirm that the lack of a DD-214 caused the employer to deny his application for employment.)  In that context, we conclude that the assumed error was harmless beyond a reasonable doubt and note that Appellant has failed to present any substantiated evidence to the contrary.

### III.  DECISION

For the forgoing reasons, the decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.