UNITED STATES of America

v.

Marco A. BUSH, Private First Class (E–2), U.S. Marine Corps.

NMCCA 200700137.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 5 Jan. 2000.

19 Aug. 2008.

For Appellant: LCDR Thomas Belsky, JAGC, USN.

For Appellee: LT Derek Butler, JAGC, USN.

GEISER, Senior Judge, delivered the opinion of the Court in which O'TOOLE, Chief Judge, FELTHAM, Senior Judge, MITCHELL, Senior Judge, WHITE, Senior Judge, VINCENT, Senior Judge, KELLY, Judge, MAKSYM, Judge, STOLASZ, Judge, COUCH, Judge, and MCALEVY, Judge, concur.

**PUBLISHED OPINION OF THE COURT**

GEISER, Senior Judge:

Previously, a panel of this court found that the appellant had suffered employment prejudice as a direct result of the over seven-year delay in reviewing his 143–page guilty plea record of trial, and consequently held that his due process right to speedy post-trial review had been violated. In view of the employment prejudice, we further found that the Government failed to meet its burden to demonstrate that the due process violation was harmless beyond a reasonable doubt.

Having reconsidered the case *en banc,* we now conclude the appellant failed to meet his burden of establishing employment prejudice. We find that the delay in this case "is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." [1] Consequently, we again hold that the delay in this case violates the appellant's due process right to speedy post-trial review. In the absence of specific prejudice, however, we now hold that the Government has met its burden to demonstrate that the error was harmless beyond a reasonable doubt.

We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a) and 866(c).

### Procedural History of the Case

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of attempting to escape from custody, failure to obey a lawful order, fleeing apprehension, resisting apprehension, two specifications of reckless driving, two specifications of assault with a dangerous weapon, and striking a superior noncommissioned officer, in violation of Articles 80, 92, 95, 111, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, 895, 911, and 928. The appellant was sentenced to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to pay grade E–1. Pursuant to a pretrial agreement, the convening authority (CA), *inter alia,* suspended all confinement in excess of 24 months for a period of six months from the date of his action.

The appellant's court-martial concluded on 5 January 2000. The CA originally acted on the case eleven months later, on 16 November 2000. The case, however, was not docketed with this court until over six years later, on 13 February 2007. On 25 July 2007, having found errors in the post-trial processing of the case, the court returned the record of trial to the Judge Advocate General of the Navy for submission to an appropriate CA for proper post-trial processing in compliance with RULES FOR COURTS-MARTIAL 1105–1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.).[2] Subsequently, proper post-trial processing was accomplished, the CA once again approved the sentence as adjudged, complied with the terms of the pretrial agreement, and returned the case for completion of appellate review. The case was redocketed with the court on 10 January 2008. The appellant's sole assignment of error asserted unreasonable post-trial processing delay.

### Post–Trial Delay

■ A delay of over seven years to review a 143–page guilty plea record of trial is facially unreasonable. Although this case predates our superior court's decision in *United States v. Moreno,* 63 M.J. 129 (C.A.A.F 2006), we nonetheless find that such substantial delay triggers a due process review.

■ We consider four factors in determining if post-trial delay violates the appellant's due process rights: (1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of the right to a timely appeal; and (4) prejudice to the appellant.[3] As the length of the delay in this case—over seven years—is "facially unreasonable" we must balance

---

1. *United States v. Toohey,* 63 M.J. 353, 362 (C.A.A.F.2006)

2. N.M.Ct.Crim.App. Order of 25 July 2007.

3. *United States v. Jones,* 61 M.J. 80, 83 (C.A.A.F.2005)(citing *Toohey v. United States,* 60 M.J. 100, 102 (C.A.A.F.2004)).

the length of the delay against the other three factors.[4]

Regarding the second factor, the Government provided the affidavit of Captain (Capt) D.M. Steinberg, USMC, Review Officer–In–Charge, Legal Service Support Section, 1st Marine Logistics Group, Camp Pendleton, California. Capt Steinberg asserts that the original record was mailed to the Navy–Marine Corps Appellate Review Activity on 12 February 2001. There is no evidence in the record to contradict or support Capt Steinberg's assertion.

Notwithstanding Capt Sternberg's statement that the record was forwarded for appellate review but apparently lost in the mail for over six years, there is no evidence the CA expended any effort in that time to ensure the record was received and docketed with this court. Rudimentary tracking and receipt confirmation procedures by the mailing command might have shortened the delay considerably. Mailing delay is the " 'least defensible of all' post-trial delays." [5] We find the Government's explanation inadequate to justify the delay. This factor weighs heavily in favor of the appellant.

With respect to the third factor, the appellant submitted an unsworn declaration under penalty of perjury stating that approximately two years after being released from confinement, he "repeatedly contacted both his command as well as [the Navy–Marine Corps Appellate Leave Activity], inquiring about his case." [6] The appellant further states that he did so "because he needed his DD Form 214 to maintain his employment." [7] The Government responds with no evidence beyond an assertion that the appellant's claims are "without supporting proof" and are "unverified and speculative." [8]

While the appellant has not submitted additional supporting evidence beyond his own declaration, we do not share the Government's view that his claim is speculative. First, the appellant's declaration is itself some evidence on the appellant's claim. Further, the appellant's declaration identified particular Government offices he contacted about his case during a particular timeframe. We find the appellant's declaration offers "adequate detail to give the Government a fair opportunity to rebut" the appellant's contention that he asserted his right to speedy post-trial review.[9] The Government, undeniably in the best position to verify or refute the appellant's claims, has provided no evidence to the contrary. On balance, we find this factor favors the appellant.

Regarding the fourth factor of prejudice, the appellant's declaration asserts that three to four years after his trial, he was denied employment as a fork-lift operator by the Costco store in Huntsville, Alabama. The appellant states he held the identical job in a Costco store in California and that the reason he could not transfer his employment from California to Alabama was specifically because he lacked his final discharge papers (DD Form 214).

■ Our original panel decision held the appellant's uncontradicted declaration, standing alone, sufficient to substantiate his claim of employment prejudice due to post-trial delay.[10] One day after we issued that decision, our superior court decided *United States v. Allende*, 66 M.J. 142 (C.A.A.F.2008), which addressed a similar post-trial delay prejudice claim. In light of that decision, this court now concludes the appellant failed to meet his burden to show employment prejudice.

The Government argues that *Allende* stands for the proposition that, in addition to his own detailed declaration or affidavit, an appellant must in every case also provide "documentation from the potential employer

---

**4.** *Id.*

**5.** *Moreno*, 63 M.J. at 137 (quoting *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A.1990)).

**6.** Appellant's Brief and Assignment of Error of 16 Apr 2007 at 5.

**7.** *Id.*

**8.** Answer on Behalf of the Government of 16 May 2007 at 5.

**9.** *See United States v. Gosser*, 64 M.J. 93, 98 (C.A.A.F.2006).

**10.** *United States v. Bush*, 66 M.J. 541 (N.M.Ct. Crim.App.2008).

or a valid explanation of why that material was not provided."[11] In essence, the Government asserts that, under *Allende,* an appellant's declaration or affidavit of prejudice, standing alone, will never be sufficient to meet his burden of proof no matter how detailed and specific it might be.[12] We find this position to be overbroad.

To be adequately specific, a post-trial claim for relief must state specific facts, which, if true, entitle the appellant to the relief sought.[13] As well, "[a]ppellant must 'specifically identify how he would be prejudiced … due to the delay.'"[14] Finally, a claim must be detailed enough to provide the Government a "fair opportunity to rebut the contention" asserted.[15]

The burden is on the appellant to provide legally competent evidence demonstrating the prejudice asserted.[16] It is well-established that this may be done by supplementing the factual record with affidavits or declarations.[17] While an appellant's affidavit or declaration based on first-hand knowledge of the facts, standing alone, is legally competent evidence, in *Allende* our superior court was unpersuaded by the appellant's affidavit in the absence of additional supporting legally competent evidence.[18]

We note, however, that *Allende* relieves the appellant of his obligation to provide independent third-party substantiation of the facts underlying his claim of employment prejudice upon a showing that he reasonably attempted to obtain such independent corroboration but was unable to do so.[19] Thus, if an appellant's claim is adequately specific on its face to state a claim of legal error, such that the Government may, with reasonable effort, take steps to confirm or refute the appellant's assertions, and if such claim of error is either factually supported by independent evidence—or the appellant's affidavit or declaration specifically articulates his inability to obtain such independent evidence—the burden of going forward with the evidence shifts to the Government.

At that point, if the Government does not contest the relevant facts, or expressly concedes them, we may treat the appellant's asserted facts as uncontroverted and decide the issue without additional fact-finding.[20] If, however, the Government rises to meet its burden of going forward by presenting affidavits or other evidence that place material facts in dispute, an evidentiary hearing is ordinarily required.[21]

11. Government Answer to Specified Issues of 6 May 2008 at 3.

12. *See Jones,* 61 M.J. at 84.

13. *Gosser,* 64 M.J. at 98.

14. *Id.* (quoting *Moreno,* 63 M.J. at 140–41 citing *United States v. Mohawk,* 20 F.3d 1480, 1487 (9th Cir.1994)).

15. *Id.*

16. *Allende,* 66 M.J. at 145.

17. *Jones,* 61 M.J. at 85.

18. *See Allende,* 66 M.J. at 145 (appellant "failed to present any substantiated evidence"); *Gosser,* 64 M.J. at 98 (claim failed without "substantive evidence from persons with direct knowledge of the pertinent facts"); *Jones,* 61 M.J. at 88 (claim unsupported by any independent evidence failed); *United States v. Hudson,* 46 M.J. 226, 227 (C.A.A.F.1997)(unverified claim failed).

19. *Allende,* 66 M.J. at 145; *but see United States v. Shely,* 16 M.J. 431, 432 (C.M.A.1983)(appellant's detailed but unsubstantiated affidavit "am-

ply demonstrated" prejudice where the evidence was in the possession of the Government). As well, we note that in determining whether facts of a collateral claim are sufficiently at issue to require a post-trial evidentiary hearing, our superior court has favorably compared, though not explicitly adopted, the summary judgment procedures used in federal district courts in disposing of habeas corpus petitions. The habeas petitioner is required either to produce proof indicating that there is a genuine issue of fact to be resolved, or to explain his inability to provide such proof. *United States v. Dykes,* 38 M.J. at 272 (citing *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977))(citing Fed. Rules Civ. Proc. 56(e), (f)).

20. *United States v. Ginn,* 47 M.J. 236, 248 (C.A.A.F.1997).

21. *Dykes,* 38 M.J. at 273. In the alternative, when the Government offers affidavits or other evidence in opposition to the appellant's, a post-trial evidentiary hearing is not required when the record as a whole compellingly demonstrates the invalidity of appellant's collateral claims. *Ginn,* 47 M.J. at 243–44, 248; *United States v. Parker,* 36 M.J. 269, 272 (C.M.A.1993).

The Government's brief attempts to distinguish the term "contest" from the term "rebut."[22] The Government argues they may "contest" an appellant's affidavit simply by putting the court on notice that it takes exception to the appellant's affidavit without actually offering any contrary or inconsistent evidence. The Government's arguments appear to reflect a fundamental misreading of *Singleton*.[23] Further, when the appellant's proof is as specific as is this appellant's, we question whether the Government may ethically assert a contrary position, absent some inquiry upon which to base a good-faith belief that the information tendered is false or inaccurate. That concern aside, the Government clearly places its litigation posture at risk when it does nothing in the face of specific, apparently verifiable facts. That risk, of course, is that this court will find the pleadings and proof of the appellant sufficient to conclude his assignment of error warrants relief.[24]

In the past, we have found a lack of prejudice when an appellant fails to supply sufficient detailed information to permit the Government to validate or dispute his claimed prejudice. In this instance, the appellant identified a specific store, in a specific town, during a specific timeframe. He also specifically asserted that the reason he was denied employment was directly tied to the lack of a DD–214 arising from the dilatory post-trial processing of his court-martial. Finally, he asserts that, by virtue of his prior employment in the same position with a Costco store in California, he was fully qualified to perform the job.[25] We find the appellant's declaration states a claim of legal error and provides adequate detail to permit the Gov-

ernment to validate or dispute his claims. The only remaining question, therefore, is whether, in light of *Allende*, the appellant has adequately substantiated his claim of prejudice.

The appellant has not submitted any affidavits or other evidence beyond his own declaration. Further, his declaration does not articulate if or why he was unable to provide such additional evidence. We conclude, therefore, that while the appellant provided an adequately detailed declaration articulating prejudice to his employment opportunities, he has not met his additional burden to provide corroborating evidence or an explanation of why such evidence could not be obtained.[26] Consequently, this fourth factor of prejudice weighs in favor of the Government.

Where there is no specific prejudice to an appellant, "we will find a due process violation only when, in balancing the other three factors [length of the delay, reasons for the delay, and assertion of the right to speedy review], the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system."[27]

■ Considering the entire record and the factors set forth above, we conclude that, even in the absence of specific prejudice to the appellant, the delay in the post-trial review of this case "is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system."[28] Consequently, we hold that the appellant's due process right to speedy post-trial review has been violated.

**22.** Government Answer to Specified Issues at 6 (citing *United States v. Singleton*, 60 M.J. 409 (C.A.A.F.2005)).

**23.** In *Singleton*, although the Government affidavits did not directly rebut the appellant's contentions, they offered factual evidence by way of affidavits detailing brig standard operating procedures to contest the appellant's assertions. The Government's theory was that the rigorous standard operating procedures are followed daily and therefore the appellant's assertions in all likelihood did not happen.

**24.** *See Shely*, 16 M.J. at 432.

**25.** It is also important for the appellant to assert that the prospective employer was aware of the nature of the appellant's misconduct and the quality of discharge awarded. In the instant case, the fact that the appellant had been employed as a fork-lift operator at a Costco in California at least implies that Costco either knew of or wasn't concerned with these factors.

**26.** *Allende*, 66 M.J. at 145.

**27.** *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F.2006).

**28.** *Id.*

## Harmless Error Analysis

█ Having found constitutional error, we must now determine if the error was harmless beyond a reasonable doubt to determine if relief is required.[29] The appellant's failure to independently corroborate his assertion of specific employment prejudice or alternatively to provide facts explaining his inability to provide such independent corroboration weighs heavily in our decision. The appellant does not assert and our review of the record did not reveal evidence that the appellant has suffered ongoing prejudice from oppressive incarceration or undue anxiety.[30] We conclude, therefore, that the Government has met its burden to show that the post-trial error was harmless beyond a reasonable doubt.

Finally, having considered the post-trial delay in light of our superior court's guidance in *Toohey v. United States,* 60 M.J. 100, 102 (C.A.A.F.2004), and *United States v. Tardif,* 57 M.J. 219, 224 (C.A.A.F.2002), and the factors described in *United States v. Brown,* 62 M.J. 602 (N.M.Ct.Crim.App.2005)(en banc), we find the post-trial delay in this case does not impact the sentence that "should be approved." See, Art. 66(c), UCMJ, 10 U.S.C. § 866(c). Accordingly, we decline to grant relief.

## Conclusion

Accordingly, the findings and approved sentence are affirmed.

Chief Judge O'TOOLE, Senior Judge FELTHAM, Senior Judge MITCHELL, Senior Judge WHITE, Senior Judge VINCENT, Judge KELLY, Judge MAKSYM, Judge STOLASZ, Judge COUCH, and Judge MCALEVY concur.

Senior Judge WHITE participated in the decision of this case prior to detaching from the Court. Judge PRICE and Judge KOVAC did not participate in the decision of this case.

---

**29.** *United States v. Young,* 64 M.J. 404 (C.A.A.F. 2007).

**30.** *See Moreno,* 63 M.J. at 138–142.