# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 PATRICK T. WILLBARGER**
**United States Army, Appellant**

ARMY 20091026

Headquarters, III Corps and Fort Hood
Gregory Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Lieutenant Colonel Anthony T. Febbo, Acting Staff Judge Advocate
(recommendation)
Colonel Stuart W. Risch, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Imogene Jamison, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Major Amber J. Roach, JA; Major LaJohnne A. White, JA; Captain Julie A. Glascott, JA (on brief).

26 December 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

ALDYKIEWICZ, Judge:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of two specifications of absence without leave (AWOL) in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. Contrary to appellant's pleas, the military judge convicted him of failing to go to his appointed place of duty, two specifications of willfully disobeying a superior commissioned officer, being disrespectful in language towards a noncommissioned officer, and two specifications of making a false official statement in violation of Articles 86, 90, 91, 107, UCMJ, 10 U.S.C. §§ 886, 890, 891, 907 (2006). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for five months, and forfeiture of $933.00 pay per month for five months. The appellant was credited with forty-two days of confinement against the sentence to confinement.

Appellant's case is now before this court for review under Article 66, UCMJ. He raises one assignment of error that warrants discussion but no relief, that "appellant was denied effective assistance of counsel in the post-trial phase of his court-martial when his trial defense counsel failed to timely submit appellant's 1105 matters in a timely manner."[*] Although not raised as an assignment of error, appellant also complains, via a footnote in his written submission before this court, about the delay in the post-trial processing of his case. While not a model of post-trial processing, we find no relief is warranted. Finally, with regard to the two false official statement findings of guilt, we find that the evidence was legally and factually sufficient to sustain a conviction for part of the statements alleged in the specifications, but not the statements as alleged in their entirety. We shall take corrective action in our decretal paragraph affirming only so much of the specification as matches the evidence presented at trial.

## BACKGROUND

Appellant was tried and convicted on 12 November 2009. At trial, he was represented by Captain (CPT) BG, appellant's detailed defense counsel. The written post-trial and appellate rights form designated CPT BG as the defense counsel to receive the staff judge advocate's post-trial recommendation (SJAR) as well as a copy of the authenticated record of trial for post-trial purposes. On 1 February 2010, eighty-two days after announcement of the sentence in his case, appellant completed his confinement. The SJAR was completed on 24 March 2010 and served on CPT BG on 26 March 2010. On 6 April 2010, CPT BG requested a twenty day delay to submit post-trial matters, a request approved by the acting staff judge advocate on 14 April 2010. Post-trial matters were due on 25 April 2010. Between 25 April 2010 and 8 September 2010, the government contacted CPT BG on no less than four occasions seeking a status on appellant's post-trial submissions or to provide CPT BG with information to assist him in contacting his client. On 8 September 2010, CPT BG advised the Fort Hood office of the staff judge advocate Criminal Law Division that he would no longer be representing appellant due to his change in active duty status. However, several weeks later, on 21 September 2010, CPT BG reversed his position, advising the Criminal Law Division that he could continue to represent appellant in his capacity as a U.S. Army Reserve judge advocate. On or about 3 December 2010, for reasons undeveloped in the record, new defense counsel, CPT ZB, was detailed to represent appellant. On 20 January 2011, CPT ZB requested an additional twenty day delay to submit post-trial matters. On 15 February 2011, 461 days following announcement of the sentence, CPT ZB submitted post-trial matters on behalf of appellant, matters consisting of a three-page defense memorandum with one enclosure, a three-page letter from appellant. Ten days later, on 25 February 2011, the convening authority, after considering appellant's post-trial submission, took action in the case.

---

[*] We note that appellant's allegation of error is unsupported by either affidavit or a declaration made under penalty of perjury.

**LAW AND DISCUSSION**

1. *Ineffective Assistance of Counsel*

"[T]he military accused has the right to the effective assistance of counsel during the pretrial, trial, and post-trial stages" of his court-martial. *United States v. Hicks*, 47 M.J. 90, 92 (C.A.A.F. 1997) (citing *United States v. Carter*, 40 M.J. 102, 105 (C.M.A. 1994); *United States v. Fluellen*, 40 M.J. 96, 98 (C.M.A. 1994)). Whether appellant received effective assistance of counsel is reviewed de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). "In assessing the effectiveness of counsel we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and begin with the presumption of competence announced in *United States v. Cronic*, 466 U.S. 648, 658 (1984)." *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011). To overcome the presumption of competence, the Strickland standard requires appellant to demonstrate "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687). If we conclude that appellant fails to satisfy one prong of the *Strickland* test, we need not analyze appellant's showing on the remaining prong. *Strickland*, 466 U.S. at 697; *United States v. McConnell*, 55 M.J. 479, 481 (C.A.A.F. 2001).

Under the facts of this case, we find appellant suffered no prejudice from the delayed submission of post-trial matters and therefore we need not address whether counsel's performance was deficient. Appellant's filing before this court claims the delay in submitting post-trial matters denied him the opportunity to seek "meaningful and timely relief from his sentence." Appellant also alleges difficulty in finding employment because of the post-trial delay in his case, which was due largely as a result of the timing of defense counsel's submission of Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters. Appellant's post-trial submission, submitted 461 days following trial, requested disapproval of the punitive discharge, or alternatively, disapproval of the adjudged forfeitures. After fully considering appellant's submission, the convening authority, the same convening authority that referred appellant's case, approved the sentence as adjudged.

Appellant received a full and fair opportunity to have his clemency matters considered by a convening authority whose options regarding clemency were unaffected by the delayed receipt of R.C.M. 1105 matters. *See e.g.*, *United States v. Travis*, 66 M.J. 301, 304 (C.A.A.F. 2008) (no prejudice where evidence establishes convening authority fully, fairly, and in accordance with law considered appellant's clemency matters notwithstanding that his consideration occurred over one year after completion of trial). Regarding appellant's purported difficulty in finding employment, we find appellant's allegation mere speculation unsupported by any evidence and not amounting to prejudice. *See United States v. Allende*, 66 M.J. 142, 145 (C.A.A.F. 2008) (appellant's affidavit that he was denied employment as a result of inability to obtain timely discharge certificate, Department of Defense Form 214

(DD 214), without more is insufficient to establish prejudice); *Cf. United States v. Jones*, 61 M.J. 80 (C.A.A.F. 2005) (prejudice established by submission of unrebutted affidavits from potential employer that appellant's ability to apply for employment limited and/or precluded because of a lack of a DD 214).

## 2. *Post-Trial Processing*

While not raised as an assignment of error, appellant's brief raises, via a footnote, dilatory post-trial processing separate and apart from the issue of ineffective assistance of counsel, requesting "meaningful relief or a new SJAR and Action." Having considered *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006) and the four factors of *Barker v. Wingo*, 407 U.S. 514 (1972) in assessing whether the delay violated appellant's due process rights, we find no due process violation and no prejudice. Additionally, considering this court's sentence appropriateness authority under Article 66(c), UCMJ, and its authority to grant relief despite the absence of prejudice, *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002), we find no relief is warranted in appellant's case.

## 3. *Factual Sufficiency*

Article 66(c), UCMJ, requires this court to conduct a de novo review of the legal and factual sufficiency of the evidence. *United States v. Gilchrist*, 61 M.J. 785, 793 (Army. Ct. Crim. App. 2005) (citation omitted). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Lubasky*, 68 M.J. 260, 263 (C.A.A.F. 2010) (citations omitted). The test for factual sufficiency is "whether, after weighing the evidence of record and making allowances for not having personally observed the witnesses, [this court is] convinced of appellant's guilt beyond a reasonable doubt." *Gilchrist*, 61 M.J. at 793 (citation omitted). Our review of the record reveals the evidence is factually insufficient to support the finding for the two false official statement specifications as written, but not insufficient to support findings by exceptions. Appropriate action to modify the findings, by exceptions, to comport with the evidence presented shall be taken in our decretal paragraph.

## CONCLUSION

On consideration of the entire record and the written pleadings of the parties, to include appellant's assigned error as well as the error raised via footnote to appellant's brief, we find the assertions of error to be without merit. With regard to Specification 1 of Charge V, we affirm only so much of the finding of guilty as finds that appellant "did, at or near Fort Hood, Texas, on or about 31 August 2009, with intent to deceive, make to SGT [LM] an official statement, to wit: he needed to get a blood test, which statement was totally false and was then known by [appellant] to be so false." With regard to Specification 2 of Charge V, we affirm only so much of

the finding of guilty as finds that appellant "did, at or near Fort Hood, Texas, on or about 31 August 2009, with intent to deceive, make to SGT [SR] an official statement, to wit: he was going to the dentist, which statement was totally false and was then known by [appellant] to be so false." The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, we are confident that appellant would have received a sentence at least as severe as that adjudged. The sentence is affirmed.

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5