# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RONALD E. PLEASANT, Jr.**
**United States Army, Appellant**

ARMY 20100437

Headquarters, III Corps and Fort Hood
Matthew J. McDonald, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Major Richard E. Gorini, JA; Major Meghan M. Poirier, JA (on brief); Colonel Patricia A. Ham, JA; Major Jaired Stallard, JA; Captain Robert N. Michaels, JA (reply brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Edward J. Whitford, JA (on brief).

11 February 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiring to wrongfully distribute cocaine, violating a lawful general regulation by transporting a concealed weapon onto a military installation, fleeing apprehension, distributing cocaine, distributing marijuana, and wrongfully introducing cocaine onto a military installation with the intent to distribute, in violation of Articles 81, 92, 95, and 112a Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 895, 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six years, and reduction to the grade of E-1. The convening authority approved only so much of the sentence that provided for a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. Appellant was credited with 212 days of confinement against his sentence to confinement.

PLEASANT—ARMY 20100437

Appellant raises two assignments of error for our review under Article 66, UCMJ, of which one merits discussion and relief. Though we do not find any prejudice, we agree with appellant that the excessive post-trial delay in the processing of this case warrants relief.

**BACKGROUND**

Appellant's general court-martial adjourned on 21 May 2010. The record of trial is 269 pages long. On 21 September 2010, defense counsel made a request for speedy post-trial processing pursuant to *United States v. Collazo*, 53 M.J. 721 (Army Ct. Crim. App. 2000), and *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). In his Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters, appellant's defense counsel raised the dilatory post-trial processing as a legal error and requested relief. While the Staff Judge Advocate (SJA) noted the issue in the addendum, he did not provide any explanation for the delay nor did he recommend any corrective action. On 8 August 2011, 444 days after the conclusion of trial, the convening authority took initial action, and did not provide any relief based on post-trial delay.

**LAW AND DISCUSSION**

In *Moreno*, our superior court provided a processing standard of 120 days from the conclusion of appellant's court-martial to action by the convening authority. *Moreno*, 63 M.J. at 142. Therefore the 444-day delay present in appellant's action is presumptively unreasonable. *See id.* at 136 (finding that a 490-day delay during the same time period was presumptively unreasonable). As a result, appellant's case triggers a *Barker v. Wingo*, 407 U.S. 514 (1972), four-factor analysis to determine if appellant's due process rights were violated. Those factors are: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. *See United States v. Ney*, 68 M.J. 613, 616 (Army Ct. Crim. App. 2010). In order to analyze the fourth factor, we must consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138–39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

The first *Barker* factor favors appellant, as the processing of this case exceeded our superior court's standard by over 300 days, creating a presumption of unreasonable delay. The second and third *Barker* factors also favor appellant. Even allowing for defense counsel's request for a 20-day extension in order file R.C.M. 1105 matters, we do not find the reasons articulated by the government in post-trial affidavits sufficient to justify the delay, because they fall into the category of

2

"administrative matters, manpower constraints or the press of other cases," which does not justify dilatory processing. *Moreno*, 63 M.J. at 143. Moreover, appellant's defense counsel made two separate requests for speedy post-trial processing during this period.

Under the fourth *Barker* factor, however, appellant fails to establish prejudice under any of the prejudice sub-factors. First, appellant was released from confinement on 5 January 2011, and there is no evidence of "oppressive incarceration pending appeal." *Id.* at 139. Appellant has not demonstrated "particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 139–140. Finally, appellant has not provided any information that his grounds for appeal might be impaired. Although defense appellate counsel assert that appellant encountered difficulty finding employment because he lacks a Department of Defense Form 214, Certificate of Release or Discharge from Active Duty (Aug. 2009) (DD Form 214), we find that this assertion without any supporting documentation to be mere speculation that does not amount to prejudice. *See United States v. Allende*, 66 M.J. 142, 145 (C.A.A.F. 2008) (appellant's affidavit that he was denied employment as a result of his inability to obtain a DD Form 214, without more, is insufficient to establish prejudice). We therefore find that, under the circumstances, appellant's due process rights were not violated.

This does not, however, end our analysis. Under Article 66(c), UCMJ, this court has the responsibility and the authority to assess the appropriateness of appellant's sentence in light of the presumptively unreasonable delay in the post-trial processing of his case. *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *Ney*, 68 M.J. at 616–17. Reviewing the entire record of trial, and in light of the government's unpersuasive post-trial explanations for excessive post-trial processing time, along with the particular circumstances of this case, we find a reduction of two months in the sentence to confinement appropriate.

**CONCLUSION**

On consideration of the entire record, appellant's assigned errors, and the matters personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty are correct in law and fact. Therefore, we affirm the findings of guilty. Based on the reasons outlined above, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for ten months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court