# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RYAN J. DIAZ**
**United States Army, Appellant**

ARMY 20180556

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Colonel Andras M. Marton, Staff Judge Advocate (pretrial)
Colonel Laura J. Calese, Staff Judge Advocate (post-trial)

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA (on brief and reply brief)

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Brian Jones, JA; Captain Christopher K. Wills, JA (on brief).

11 May 2020

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

The government's unexplained dilatory post-trial processing of appellant's case warrants reducing his sentence to confinement by 60 days. A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave (AWOL) terminated by apprehension, one specification of AWOL, and one specification of escape from confinement, in violation of Articles 86 and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 895 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge,

confinement for 190 days, and reduction to the grade of E-1.  The military judge credited appellant with 139 days of credit against his sentence to confinement.[1]

We review this case under Article 66, UCMJ.  On appeal, appellant's sole assignment of error concerns the government's dilatory post-trial processing.  Appellant asserts the government allowed 328 days to elapse between the adjournment of his trial and the convening authority's action.  The actual delay attributable to the government is 308 days.[2]  As we discuss below, the government's unexplained and dilatory post-trial processing warrants relief under Article 66(c), UCMJ.

## BACKGROUND

After the adjournment of appellant's trial, the government took over 70 days to transcribe the 287-page transcript and over 120 days to authenticate the record of trial (ROT).  Appellant's trial defense counsel submitted a request for speedy post-trial processing within a month of authentication.  Approximately two months after appellant's initial request for speedy post-trial processing, the Fort Campbell Office of the Staff Judge Advocate (OSJA) continued to lack action, and appellant's counsel submitted a second request for speedy post-trial processing.

Almost three weeks after appellant's second request, and over 100 days from the authentication of the ROT, the government finally issued a staff judge advocate's recommendation (SJAR).  The authenticated ROT and SJAR were served on appellant almost nine months after the trial's adjournment.  Over another month elapsed between the receipt of appellant's post-trial matters and action by the

---

[1] The promulgating order does not reflect appellant's 139 days of confinement credit. So far as appellant has not already received such credit, he shall be credited with 139 days against his sentence to confinement.  *See* Army Reg. 27-10, Legal Services: Military Justice, para. 5-32.a (11 May 2016); *United States v. Arab*, 55 M.J. 508, 510, n.2 (Army Ct. Crim. App. 2001).  Beyond failing to reflect appellant's confinement credit, we also pause to note the promulgating order contained numerous other errors requiring our correction.

[2] The sentence was adjudged on 1 November 2018, and the convening authority took action 328 days later, on 25 September 2019.  Appellant requested and was granted a 20-day extension to submit his post-trial matters, from 29 July 2019 to 18 August 2019, in accordance with Article 60(b), UCMJ.  Thus, after deducting appellant's 20-day extension from the 328-day processing time, the government is responsible for the remaining 308 days of delay.  *United States v. Banks*, 75 M.J. 746, 751 (Army Ct. Crim. App. 2016).

convening authority. The addendum to the SJAR did not offer any explanation for the 308-day delay.

## LAW AND DISCUSSION

This court has two distinct responsibilities in addressing post-trial delay. *United States v. Simon*, 64 M.J. 205, 207 (C.A.A.F. 2006) (citing *Toohey v. United States*, 60 M.J. 100, 103-04 (C.A.A.F. 2004)). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *Id.* (citing U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003)). Second, we may grant an appellant relief for excessive post-trial delay using our broad authority of determining sentence appropriateness under Article 66(c), UCMJ. *Id.* (citing *United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002)).

We review *de novo* whether appellant has been denied his due process right to a speedy post-trial review. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F 2006). A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *Id.* at 142. In *Toohey v. United States*, our Superior Court adopted the following four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), which we employ when a presumption of unreasonable post-trial delay exists, to determine whether the post-trial delay constitutes a due process violation: "(1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of his right to a timely appeal; and (4) prejudice to the appellant." 60 M.J. at 102. In assessing the fourth factor of prejudice, we consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138-39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

At bar, the first factor weighs in appellant's favor, as over 300 days is presumptively unreasonable. In the addendum, the staff judge advocate (SJA) acknowledged the post-trial processing time exceeded the 120-day guideline. However, the addendum does not provide any explanation for the delay.[3] The

---

[3] We draw attention to the concurring opinion in *United States v. Mack*, emphasizing the importance of ensuring accurate and timely post-trial processing, which is the responsibility of all military justice practitioners. ARMY 20120247, 2013 CCA LEXIS 1016, at *7 (Army Ct. Crim. App. 9 Dec. 2013) (summ. disp.) ("All practitioners, especially staff judge advocates, must ensure that the rights of an

(continued . . .)

addendum merely states, "I do not find that the Accused's due process rights have been violated. I do not find that he has been prejudiced. Therefore, I do not recommend any relief." Such a perfunctory and meager response to an accused's claim of a facially excessive post-trial delay is inexcusable. On appeal, the government has not offered any additional justification for the post-trial delay, nor does the record disclose any. Accordingly, the second factor weighs in appellant's favor.

The third factor also weighs in appellant's favor as he twice asserted his right to speedy post-trial processing. The SJA acknowledged these requests in the addendum, but, again, offered no explanation for the failure to act on these requests.[4] Of particular concern, over two months elapsed without any governmental action between appellant's first request for speedy post-trial processing and his second request. After his second request, another 112 days elapsed until the convening authority took action. Such a flagrant disregard of an appellant's demands for speedy post-trial review "[r]eflect[s] adversely on the United States Army and the military justice system." *United States v. Carroll*, 40 M.J. 554, 557 n.8 (A.C.M.R. 1994) (citation omitted).

Regarding the fourth factor, appellant alleges he was prejudiced by the delay because he "[l]acked the documentation he needed as part of his post-release job search as he endeavored to support his family." Appellant made the same complaint in his post-trial submissions to the convening authority. Interference with post-military employment opportunities is a form of prejudice that warrants relief for unreasonable post-trial delay. *See United States v. Jones*, 61 M.J. 80, 84 (C.A.A.F. 2005). However, appellant has not offered any documentation to support his claim that he was offered employment that he could not accept due to his inability to provide a DD-214. *See, e.g., United States v. Allende*, 66 M.J. 142, 145 (C.A.A.F. 2008) (no prejudice when appellant fails to provide any documentation from prospective employers regarding employment practices or a valid reason for failing to do so). As such, the fourth factor weighs against appellant.

Absent the fourth factor weighing for appellant, we may find "a due process violation only when, in balancing the other three [*Barker*] factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63

---

(. . . continued)
accused are not compromised, and that the interests of the government are protected.").

[4] We note the government, in its brief to this court, acknowledges and concedes the first three factors weigh in appellant's favor.

DIAZ—ARMY 20180556

M.J. 353, 362 (C.A.A.F. 2006). Under these facts, we do not find the post-trial delay in appellant's case so egregious that he was denied his due process rights under *Moreno*.

We do find, however, that this is an appropriate case to exercise our authority to grant relief under Article 66(c), UCMJ. *See Tardif*, 57 M.J. at 224. Having considered the entire record, the lack of any adequate explanation by the government as to its lack of action, and appellant's two demands for speedy post-trial review, we find he is entitled to relief.[5]

## CONCLUSION

The findings of guilty are AFFIRMED. After determining an appropriate remedy for the government's dilatory post-trial processing, in accordance with *Tardif*, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 130 days, and reduction to E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge Burton and Judge Rodriguez concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] We note this court recently addressed dilatory post-trial processing cases from this same jurisdiction that were also devoid of any government explanation for the delay. *See United States v. Notter*, ARMY 20180503, 2020 CCA LEXIS __, at *5 (Army Ct. Crim. App. 4 May 2020) (mem. op.) (granting relief for 336 days of post-trial processing); *United States v. Ponder*, ARMY 20180515, 2020 CCA LEXIS 38, at *3 (Army Ct. Crim. App. 10 Feb. 2020) (summ. disp.) (granting relief for 296 days of post-trial processing); *United States v. Kizzee*, ARMY 20180241, 2019 CCA LEXIS 508, at *7 (Army Ct. Crim. App. 12 Dec. 2019) (summ. disp.) (granting relief for 274 days of post-trial processing). The military justice apparatus at the Fort Campbell OSJA clearly needs to more diligently pursue post-trial processing.